UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA                       :

                                                             :      18 Cr. 490 (PAC)

   - against -                                              :

                                                             :      **OPINION & ORDER**

GARFIELD EDWARDS,                              :

      Defendant.                                    :

------------------------------------------------------------------------X

      Garfield Edwards, a 55-year-old inmate at Federal Correctional Institution Ray Brook ("FCI Ray Brook") moves *pro se*[1] for "compassionate release and reduction of sentence" under 18 U.S.C. § 3582(c)(1)(A)(i). Mot. Compassionate Release 1, ECF No. 122 ("Mot."). Edwards fails to establish extraordinary and compelling reasons warranting a sentence reduction, and even if he had, a reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). The Court denies Edwards' motion without prejudice to its renewal should his health or the conditions at his facility materially worsen.

## BACKGROUND

      On July 13, 2018, the Government indicted Edwards for conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin[2] (Count One) and distributing

---

[1] Because he is a *pro se* litigant, the Court construes Edwards' filings liberally, interpreting them to raise the strongest arguments they suggest. *United States v. Kosic*, No. 18 Cr. 30, 2021 WL 1026498, at *1 n.1 (S.D.N.Y. Mar. 17, 2021). Nevertheless, as the proponent of the motion, Edwards bears the burden of establishing that extraordinary and compelling reasons warrant a sentence reduction and that such a reduction is consistent with 18 U.S.C. § 3553(a)'s sentencing factors. *See id.*

[2] In violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

1

and possessing with intent to distribute one kilogram and more of heroin[3] (Count Two). Indictment 1–2, ECF No. 9. On December 14, 2018, Edwards pleaded guilty before the Honorable James Cott to a lesser included offense under Count One—specifically, conspiracy to distribute and possess with intent to distribute 100 grams and more of heroin.[4] Plea Tr. 6:10–7:22, ECF No. 43.

On April 5, 2019, the Court accepted the transfer of case number 19 CR 207 from the Honorable Victor Marrero. Mem. Endorsement 1, ECF No. 62. Count One of the 19 CR 207 indictment charged Edwards with illegal reentry. *Id.* The Court accepted Edwards' guilty plea to Count One of the 19 CR 207 indictment on May 3, 2019, and on June 17, 2019, the Court accepted Edwards' guilty plea to Count One of the 18 Cr. 490 indictment. Revised Final Presentence Investigation Report ¶ 9, ECF No. 107 ("PSR"); Order 1, ECF No. 74.

On June 17, 2019, the Court sentenced Edwards to 90 months' imprisonment on each Count, to run concurrently. Judgment 2, ECF No. 75; Sent'g Tr. 23:11–24:18, ECF No. 81. Because Edwards will be deported once he is released from custody, the Court declined to impose any term of supervised release. Sent'g Tr. 23:21–24.

Edwards filed this *pro se* motion for compassionate release on October 20, 2020. ECF No. 122. The Government responded on November 6, 2020. Gov't's Mem. Opp'n 1, ECF No. 123 ("Opp'n"). Sometime afterwards, the Bureau of Prisons ("BOP") transferred Edwards from the Moshannon Valley Correctional Center ("MVCC") to FCI Ray Brook.[5]

---

[3] In violation of 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2.

[4] In violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

[5] *See* BOP, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited June 21, 2021) (in "first name" field, type "Garfield"; in "last name" field, type "Edwards"). Edwards' projected release date is November 2, 2024. *Id.*

2

## DISCUSSION

I. **Applicable Law**

Subject to a few limited exceptions, district courts must not disturb terms of imprisonment once they have been imposed. § 3582(c); *United States v. McKay*, No. 1:18-cr-00339-PAC-7, 2021 WL 807108, at *2 (S.D.N.Y. Mar. 3, 2021). One such exception is found at § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Section 603(b), Pub. L. No. 115–391, 132 Stat. 5194. Through this "so-called compassionate release provision," *United States v. Maldonado*, No. 16 CR 285, 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021), a defendant may directly petition the district court for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Once the defendant satisfies this administrative exhaustion requirement, the district court may reduce his sentence "if it determines that (1) the defendant has met his burden of establishing that 'extraordinary and compelling reasons warrant such a reduction,' and (2) any sentence reduction is consistent with § 3553(a)'s applicable sentencing factors." *McKay*, 2021 WL 807108, at *2 (quoting § 3582(c)(1)(A)–(i); other citations omitted).[6]

---

[6] § 3582(c)(1)(A) also mandates that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* But where a defendant brings a compassionate release motion on his own behalf, no policy statements apply; the district court is free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see also id.* at 238 n.5. The only statutory constraint on the district court's discretion is that it shall not consider rehabilitation alone an extraordinary and compelling reason. *Id.* at 237–38.

## II. Application

### A. Exhaustion

Edwards has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Edwards requested compassionate release from both the authorities at MVCC (where he was incarcerated when he filed the instant motion for compassionate release) and from the BOP. Mot. 2. The MVCC authorities denied his request, and the BOP did not respond to it. *Id.* More than 30 days have lapsed since, and "[t]he Government concedes that [Edwards] has exhausted his administrative remedies." Opp'n 4. While the Court has no indication that Edwards requested compassionate release from his warden at FCI Ray Brook following his transfer there, this Court has previously concluded that such duplicative requests are not necessary for exhaustion purposes. *McKay*, 2021 WL 807108, at *2–3. Accordingly, the Court proceeds to the merits of Edwards' motion.

### B. Extraordinary & Compelling Reasons

Edwards has not established extraordinary and compelling reasons warranting a sentence reduction. Although the Centers for Disease Control ("CDC") recognizes that Edwards' age[7] and several of Edwards' medical conditions[8] do or might increase his risk of experiencing severe

---

[7] *See United States v. Santana*, No. 15-CR-0457, 2021 WL 1999406, at *3 (E.D.N.Y. May 19, 2021) ("At age fifty-two, Defendant is in an age group that faces neither the lowest risk nor the greatest risk of severe illness from COVID-19 infection."); *United States v. Guerra*, No. 10-CR-147, 2020 WL 6700084, at *3 (E.D.N.Y, Nov. 13, 2020) ("At 55 years old, [the defendant] is not in the highest-risk age bracket for complications associated with the virus.").

[8] Specifically, hypertension (*United States v. Bennett*, No. 13-CR-17S, 2021 WL 2410535, at *5 (W.D.N.Y. June 14, 2021)) and hyperlipidemia (*Santana*, 2021 WL 1999406, at *4). Edwards states that he is also suffering from pre-diabetes, hemoglobin ALC, and "other conditions," Mot. 4 n.1, but those conditions are not recognized as increasing his risk of severe illness from a COVID-19 infection. *See* CDC, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021). Neither party has provided the Court with Edwards' medical records, but the Government indicates that it has reviewed them and that "it appears that the defendant has been diagnosed with hypertension, pre-diabetes, hyperlipidemia, and hypothyroidism." Opp'n 10. Hypothyroidism also is not included on the CDC's list of risk-

illness if he contracts COVID-19, these conditions do not rise to the level of extraordinary and compelling because Edwards has not shown that the BOP is failing to meet his needs or that COVID-19 poses a significant risk to him, specifically, at FCI Ray Brook, where the BOP's preventative measures appear to be working. *See United States v. McCullum*, No. 15-CR-491-LTS, 2021 WL 1550322, at *2 (S.D.N.Y. Apr. 20, 2021); *United States v. Lee*, No. 07-CR-3, 2021 WL 2328430, at *2 (S.D.N.Y. June 8, 2021). To the contrary, Edwards acknowledges that he "is currently being treated for" those conditions. Mot. 4 n.1.

To the extent that Edwards' motion relies on the conditions at MVCC, *see* Mot. 4, his reliance on those conditions is moot, as Edwards has been transferred to FCI Ray Brook. *United States v. Diallo*, No. 19-CR-189, 2021 WL 2183089, at *3 (S.D.N.Y. May 27, 2021). FCI Ray Brook is currently reporting zero inmates and staff positive for COVID-19, and approximately 49% of its inmate population has been fully vaccinated. *See United States v. Diaz*, 19-CR-65, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021) (noting zero infections and 264 out of 729 inmates fully vaccinated); https://www.bop.gov/coronavirus/ (last visited June 21, 2021) (showing zero infections and 360 fully vaccinated inmates).

> The history of COVID-19 infections at FCI Ray Brook which, as graphed on the BOP website, shows relatively low [institutional] levels . . . since at least July 2020, except for a dramatic rise and fall between December and January, combined with the BOP's current rollout of vaccinations to inmates as well as staff members, leads the Court to conclude that the admittedly serious medical risks an infection would pose were [Mr. Edwards] to contract the virus do not present so extreme a risk as

---

increasing conditions. *See* CDC, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021).

to constitute an extraordinary and compelling reason warranting a [fifty-four month] reduction of the sentence that the Court imposed to protect the public, effectuate specific and general deterrence, and provide just punishment.

*McCullum*, 2021 WL 1550322, at *2; Sent'g Tr. 23:4–20. The mere possibility that COVID-19 might return to FCI Ray Brook is not an extraordinary and compelling reason for a sentence reduction. *Lee*, 2021 WL 2328430, at *2 (collecting cases).

**C.     § 3553(a) Factors**

Even if Edwards had established extraordinary and compelling reasons, the Court would still deny his motion, because granting Edwards a sentence reduction at this time would fail to recognize the seriousness of his offenses, provide Edwards with a just punishment and adequate deterrence, promote respect for the law, and protect the public. § 3553(a)(2)(A)–(C). Although Edwards' role (as the driver) in the narcotics conspiracy was relatively minor, the major league quantities of drugs involved (4.3 kilograms of heroin and 12 kilograms of fentanyl) are deadly serious. *See* Sent'g Tr. 18:1–3, 21–24, 23:7–16; *United States v. Kosic*, No. 18 Cr. 30, 2021 WL 1026498, at *4 (S.D.N.Y. Mar. 17, 2021); *United States v. Pena*, No. 18-Cr-858, 2021 WL 2358803, at *1–2 (S.D.N.Y. June 9, 2021). Prior to the instant offenses, Edwards had been convicted twice for felony drug distribution and had been arrested for illegally reentering the country after being deported. PSR ¶¶ 53, 54, p. 21; *see also* Sent'g Tr. 13:21–22. Despite having previously been sentenced to 210 months' imprisonment, Edwards continued to engage in drug trafficking. At sentencing, the Court concluded that Edwards had not previously been deterred from criminal conduct. Sent'g Tr. 23:17–18 ("In light of his record of prior convictions for drugs, it seems to me that Mr. Edwards can't learn."). 90 months' imprisonment continues to be the amount of time "sufficient but not greater than necessary to discharge all the mandates of

[§] 3553(a)." Sent'g Tr. 23:11–13. Edwards has served only 36 months of that sentence. *See* Opp'n 4 (noting that Edwards "has been in custody since his arrest on June 13, 2018"). Accordingly, a sentence reduction at this time would not be consistent with the applicable § 3553(a) factors.

## **CONCLUSION**

Because Edwards has not established extraordinary and compelling reasons warranting a sentence reduction, and even if he had, reducing Edwards' sentence would undermine the sentencing goals of § 3553(a), Edwards' motion for compassionate release under § 3582(c)(1)(A)(i) is DENIED without prejudice as to its renewal should his health or conditions at his facility materially worsen.

The Clerk of Court is directed to close the motion at ECF number 122.

Dated: New York, New York
      July 1, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge